

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| COSME D RODRIGUEZ, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:18-2294-MGL-KDW |
| | § | |
| WARDEN H. JOYNER, | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER
TRANSFERRING THE PETITION TO THE
NORTHERN DISTRICT OF WEST VIRGINIA**

## I.    INTRODUCTION

Pending before the Court is Cosme D Rodriguez's (Rodriguez) habeas petition, which he filed under 28 U.S.C. § 2241, against Warden H. Joyner (Joyner).  When Rodriguez filed his Section 2241 petition, he was incarcerated at FCI–Estill, which is located in Estill, South Carolina.  FCI-Estill, as well as Joyner, are within this Court's jurisdiction.

However, according to the Bureau of Prison's "Find an inmate" locator listing for Rodriguez, which the Court takes judicial notice of as per Fed. R. Evid 201, Rodriguez is now incarcerated in FCI-Gilmer, *see* https://www.bop.gov/inmateloc/ (last visited Nov. 18, 2020), which is located in Glenville, West Virginia, *see* https://www.bop.gov/locations/institutions/gil/ (last visited Nov. 18, 2020).  FCI-Gilmer and its warden are within the jurisdiction of the United States District Court for the Northern District of West Virginia (NDWV), *id*.

## II.    DISCUSSION AND ANALYSIS

"The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).  "The writ, or order to show cause shall be directed to the person having custody of the person detained."  28 U.S.C. § 2243.

"The consistent use of the definite article in reference to the custodian indicates . . . there is generally only one proper respondent to a given prisoner's habeas petition.  This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting § 2242).

Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973).  "The whole force of the writ is spent upon the respondent." *Id.* at 495 (citation omitted) (internal quotation marks omitted).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)).  The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495).  "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id.* at 445.

From this law and these facts, we know the following: the Court has jurisdiction over Rodriguez's Section 2241 habeas petition only if it has jurisdiction over his current custodian.  But, it does not.  Rodriguez's current custodian is the warden of FCI-Gilmer. S/he is located, not

within this Court's jurisdiction, but instead within that of NDWV. Accordingly, Rodriguez's custodian's absence from the territorial jurisdiction of this Court is fatal to its jurisdiction to consider the merits of his petition.

But, even if somehow this Court were to assess the petition and then grant the relief Rodriguez seeks, Joyner lacks the ability to fulfill an order by this Court granting the petition. This is so because Rodriguez is no longer in Joyner's custody. That is why Rodriguez's Section 2241 petition must be transferred: so it can be filed against the warden of FCI-Gilmer, Rodriguez's immediate custodian, who is within the jurisdiction of NDWV.

## III.    CONCLUSION

In light of the foregoing discussion and analysis, this case is **TRANSFERRED** to NDWV for further proceedings.

To the extent Rodriguez requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 18th day of November, 2020, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.